Requestor: Linda S. Kingsley, Esq., First Assistant Corporation Counsel City of Binghamton City Hall Governmental Plaza Binghamton, N.Y. 13901-3775
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have indicated that the spouse of a member of the city council is a city firefighter. You have asked to what extent the council member must recuse herself from voting on matters affecting the fire department. Specifically, you inquire whether the council member may vote on legislation dealing with the terms and conditions of employment of firefighters. Further, you ask whether the council member must recuse herself with respect to other matters regarding the administration of the fire department.
Public officers have responsibility to exercise their official duties solely in the public interest. 1986 Op Atty Gen (Inf) 101; 1984 Op Atty Gen (Inf) 122. They should avoid circumstances which compromise their ability to make impartial judgments. Public officers must avoid the appearance of impropriety in order to maintain public confidence in government.
In previous opinions of this office, we have concluded that a local legislator must recuse himself or herself from participating in matters affecting the compensation, employment and other terms and conditions of employment of his or her spouse. 1986 Op Atty Gen (Inf) 101; 1985 Op Atty Gen (Inf) 89.
We have expressed the view that a member of a legislative body may participate in other governmental matters relating to the operations of a municipal department in which his or her spouse serves except ones in which the legislator has a personal interest by reason of affinity. Informal Opinion No. 90-12. Copy enclosed. Unlike matters such as the salary and conditions of employment of her spouse, she would not have a personal interest in these matters, requiring recusal.
You have also asked, in the event a conflict of interests exists, the extent to which recusal applies. In the event of a conflict, we believe that a local legislator must recuse herself or himself from all discussions, deliberations and voting with respect to those matters. In effect, the member would have to remove herself or himself from the legislative body while it is acting on the matter.
If the matter is being discussed at an open meeting, we see no reason why the member may not remain in the room as a member of the public. If the matter is discussed in executive session, the member should absent himself or herself from that session.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.